Santini Fertilizer Co., Inc., recurrente, *v.* El Registrador
de Guayama, recurrido.

No. 614.—*Sometido:* Abril 18, 1925. *Resuelto:* Junio 26, 1925.

1. Embargos — Mandamiento de Embargo — Distribución de Responsabilidad Entre Fincas Embargadas.—La distribución de responsabilidad entre las fincas exigida para las inscripciones por el artículo 9, inciso 2, de la Ley Hipotecaria no tiene aplicación, cuando se trata de anotaciones preventivas.

2. Embargos — Anotación de Embargo — Cantidad Asegurada por Embargo—Distribución de Responsabilidad Entre Fincas Embargadas.—En las anotaciones de embargo se cumple con el inciso 2, del artículo 9 de la Ley Hipotecaria haciendo constar el importe de la cantidad que se trata de asegurar por embargo sin necesidad de distribuirla entre las fincas embargadas.

3. Embargos—Anotación de Embargo—Solicitud Limitando Responsabilidad de Fincas Embargadas—Invasión de las Funciones de la Corte.—Una parte o su abogado no invade las funciones de una corte que decreta una orden de embargo al solicitar del registrador que limite a determinada cantidad de la garantizada por el embargo la responsabilidad de cada una de las varias fincas embargadas.

Nota de *R. B. Pérez Mercado,* R. (Guayama), denegando anotación de un embargo. *Revocada.*

*E. Rincón Plumey,* abogado del recurrente; el registrador compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Se ha interpuesto este recurso gubernativo contra el Registrador de la Propiedad de Guayama por haberse negado

a anotar el embargo trabado en dos fincas para asegurar la efectividad de la sentencia fundándose en que la cantidad de $1,350 por la cual se decretó el embargo no ha sido distribuida por el juez entre las fincas, a los efectos del núm. 2º del artículo 9 de la Ley Hipotecaria, siendo insuficiente para subsanar esa omisión el escrito privado del abogado de la parte demandante por carecer de facultad y capacidad para modificar la orden de la corte. En el escrito a que se refiere el registrador hizo constar el abogado del demandante que una de las fincas debía responder de $1,000 del embargo y la otra de $350.

[1, 2] Si bien el artículo 72 de la Ley Hipotecaria dispone que las anotaciones preventivas comprenderán las circunstancias que exigen para las inscripciones varios artículos que menciona siendo uno de ellos el 9º, preceptivo de que toda inscripción que se haga en el registro expresará las circunstancias que en él se enumeran, diciéndose en su número 2º que entre otras, se hará constar la extensión del derecho que se inscriba, y que el artículo 164 del Reglamento prohibe a los registradores que inscriban ninguna hipoteca sobre bienes diferentes afectos a una misma obligación, sin que por convenio entre las partes, o por mandato judicial en su caso, se determine previamente la cantidad de que cada finca deba responder, pudiendo las partes acordar la distribución en el mismo título que se deba inscribir, o en otro instrumento público o solicitud dirigida al registrador, firmada o ratificada ante él por los interesados, tal distribución de responsabilidad entre las fincas exigidas para las inscripciones no tiene aplicación cuando de anotaciones preventivas se trata por excepción expresa de la ley establecida en el artículo siguiente 165 en el que se dice que lo dispuesto en el artículo anterior (164) no será aplicable a la anotación preventiva, excepto cuando se convierta en inscripción definitiva de hipoteca y grave diferentes bienes, y que la anotación preventiva de diferentes bienes se asentará en el registro especial de cada finca, expresán-

dose también la cuantía del crédito u obligación de que la finca responda; precepto que es confirmatorio del artículo 126 del mismo Reglamento, según el cual las anotaciones preventivas contendrán, según los casos, entre otras circunstancias la enumerada en sexto lugar, en que se dice que si se hiciere a consecuencia de mandamiento de embargo o secuestro, o en cumplimiento de alguna ejecutoria, se expresará así, manifestando el importe de lo que se trate de asegurar. Por consiguiente, en las anotaciones de embargo se cumple con el número 2 del artículo 9 de la ley en cuanto a la extensión de la responsabilidad de las fincas haciendo constar el importe de la cantidad que se trata de asegurar por embargo, sin que haya de ser distribuida entre las fincas. De esta opinión es Galindo en su obra Legislación Hipotecaria, 4ª edición, pág. 261, y también el Sr. Morell en su Legislación Hipotecaria, tomo 3, pág. 330, quien comentando el artículo 72 de la ley plantea la cuestión de si es necesaria la distribución del crédito reclamado entre las diversas fincas embargadas y la contesta diciendo que no lo exige la ley ni el reglamento, citando algunas resoluciones.

[3] En vista de la conclusión a que hemos llegado la parte o su abogado no invade las funciones de la corte al solicitar del registrador que limite a determinada cantidad de la garantizada por el embargo la responsabilidad de cada finca.

*La nota recurrida debe ser revocada y ordenarse la anotación del embargo en la forma que ha sido solicitada.*