RICARDO MORALES BARNESET, recurrente, *v.* EL REGISTRADOR de la PROPIEDAD de SAN GERMÁN, recurrido.

No. 713.—*Sometido:* Marzo 1, 1928. *Resuelto:* Marzo 14, 1928.

1. HIPOTECAS—REQUISITOS Y VALIDEZ—FORMA Y CONTENIDO DE LA ESCRITURA DE HIPOTECA—HIPOTECA DE VARIAS FINCAS PARA GARANTIZAR UN CRÉDITO—DISTRIBUCIÓN DE RESPONSABILIDAD ENTRE LAS FINCAS — SU SUFICIENCIA.— Cuando constituida hipoteca sobre dos fincas la persona a cuyo favor dicha hipoteca se constituye no comparece en la escritura como parte y sólo los deudores hipotecarios distribuyen la responsabilidad de la hipoteca sobre cada finca, tal distribución no está conforme con el artículo 164 del Reglamento Hipotecario.

2. HIPOTECAS—REQUISITOS Y VALIDEZ—FORMA Y CONTENIDO DE LA ESCRITURA DE HIPOTECA—HIPOTECA DE VARIAS FINCAS PARA GARANTIZAR UN CRÉDITO—DISTRIBUCIÓN DE RESPONSABILIDAD ENTRE LAS FINCAS—POR SÓLO EL DEUDOR Y EFECTO.—Cuando la distribución de responsabilidad de una hipoteca entre las fincas hipotecadas se hace sólo por los deudores hipotecarios—únicos que comparecen en el contrato de hipoteca—es necesaria la aceptación formal de la hipoteca por el acreedor hipotecario.

3. HIPOTECAS—REGISTRO E INSCRIPCIÓN—DEFECTOS SUBSANABLES—FINCAS AFEC-

TADAS POR LA HIPOTECA—DISTRIBUCIÓN DE RESPONSABILIDAD.—Constituida hipoteca voluntaria sobre dos fincas y distribuida la responsabilidad entre éstas sólo por los deudores hipotecarios que, como únicas partes, comparecen en la escritura de hipoteca, la omisión del acreedor de aceptar formalmente la hipoteca constituye un defecto subsanable del título.

NOTA de *Luis Capó Matres*, R. (San Germán), denegando inscripción de un contrato de hipoteca en cuanto a un exceso no inscrito a nombre del hipotecante. *Confirmada.*

*R. A. Saliva,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

El recurso gubernativo en este caso se refiere a parte solamente de una nota puesta por el Registrador de la Propiedad de San Germán, a escritura de hipoteca voluntaria constituida en 9 de enero de 1928 por Ricardo Morales Barneset y su esposa a favor de la sociedad "Silva & Mari." En esta escritura, que se otorgó ante el notario don Emilio Forestier Gregory, los otorgantes Morales Barneset y su esposa, afirman ser dueños de dos fincas rústicas, que se describen, recibiendo de la social "Silva & Mari," que no figura para nada en la comparecencia, trescientos dólares, a título de préstamo, con interés, declarando que la deuda se consigna en un pagaré hipotecario (con ese nombre lo llaman); se obligan a la devolución de la suma prestada, sus intereses y las costas, y constituyen hipoteca voluntaria sobre las fincas; y al final de la escritura, como por adición a la misma, se distribuye la responsabilidad de la hipoteca entre las dos fincas, de por mitad.

En la nota del registrador, entre otros extremos, se hace constar la falta subsanable de no haberse aceptado la hipoteca por la firma acreedora, y se dice que toda vez que se hace reparto de responsabilidad entre las fincas, la aceptación formal de la hipoteca era necesaria. Contra este extremo de la nota se interpone el presente recurso.

El registrador ha seguido el precepto del Reglamento para la ejecución de la Ley Hipotecaria, cuyo artículo 164

previene que los registradores no inscriban hipotecas sobre bienes diferentes afectos a la misma obligación, sin que por convenio entre las partes, o por mandato judicial, se determine previamente la responsabilidad de cada finca.

[1, 2, 3] En la escritura de que se trata, la responsabilidad de cada finca se ha establecido, aunque aparece este hecho al final, después de dar el notario fe del contrato, y abierta de nuevo la escritura para ello. Pero tal distribución no aparece hecha por convenio entre las partes, ya que una de ellas, "Silva & Mari," no comparece en la escritura como tal parte.

La exigencia de la ley en cuanto a la distribución de responsabilidad, no es caprichosa. Es parte integrante del principio de especialidad, que es básico en el sistema. Cada finca debe aparecer con una responsabilidad definida y concreta; lo que permite contratar acerca de ella con clara conciencia de su estado en el registro.

El artículo 164 del Reglamento no es otra cosa que la forma práctica de sanción del artículo 119 de la Ley Hipotecaria, que dice:

"Art. 119. Cuando se hipotequen varias fincas a la vez por un solo crédito, se determinará la cantidad o parte de gravamen de que cada una deba responder."

Y el artículo 120 de la misma ley, da la razón de esa distribución de responsabilidad, que no es otra que la de que contra la finca así gravada no se pueda repetir, en perjuicio de tercero, más que por la cantidad a que estén afectas.

El artículo 177 del Reglamento, que por el recurrente se cita, no tiene aplicación. El precepto indicado se refiere al artículo 141 de la Ley, o sea al caso de constitución de hipoteca por un tercero, sin poder suficiente, y a su ratificación por el dueño de la finca hipotecada. No podemos entender cómo se hace esta cita para apoyar un recurso que es innecesario, ya que el mismo precepto legal citado por el registrador da un medio tan fácil de salvar el defecto,

acordando la distribución, por las partes, en documento público o en solicitud dirigida al registrador.

*Debe confirmarse, y por ésta se confirma,* la nota recurrida.