J. M. PORTELA & CÍA., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE ARECIBO, recurrido.

No. 812.—*Sometido:* Abril 24, 1930. *Resuelto:* Junio 27, 1930.

*Isaías M. Crespo,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 19 de noviembre de 1929 los esposos Valera-Cruz otorgaron a favor de la mercantil J. M. Portela y Co. una escritura hipotecando tres fincas rústicas para garantizar cierta suma tomada a préstamo. Presentada la escritura en el registro, el registrador se negó a inscribirla por medio de la siguiente nota:

"Denegada la inscripción del presente documento, por no determinarse la cantidad o parte de gravamen de que debe responder cada una de las fincas hipotecadas, como dispone el artículo 119 de la ley No. 62 de 21 de julio de 1923; y no se constituye la hipoteca en garantía de préstamo por agricultores para fines agrícolas, amortizables mediante pagos parciales anuales, en un período de no menos de 10 años e interés no mayor de 7%, en cuyo caso estaría exenta de aquel requisito, como dispone el invocado artículo y tomado en su lugar anotación preventiva . . "

No conforme la mercantil, interpuso el presente recurso gubernativo. Admite que no se distribuyó la suma garantida entre las varias fincas hipotecadas y que no se trata de un préstamo en las condiciones especificadas en el artículo 119 de la Ley Hipotecaria, tal como fué enmendado por la Ley de 21 de julio de 1923, pero sostiene que eso no obstante el registrador debió inscribir, consignando la falta de distribución como defecto subsanable. Cita los casos de *Sanabria* v. *Registrador,* 37 D.P.R. 873; *Morales* v. *Registrador,* 37 D.P.R. 860, y *Santini* v. *Registrador,* 34 D.P.R. 412.

A nuestro juicio es tan claro el artículo 119 de la Ley

Hipotecaria, lo mismo antes de ser enmendado que después, y tan terminante lo dispuesto en el 164 del Reglamento, que el registrador estaba obligado a proceder en la forma en que lo hizo.

Los registradores *no inscribirán,* dice el reglamento, ninguna hipoteca sobre bienes afectos a una misma obligación sin que por convenio entre las partes o por mandamiento judicial en su caso *se determine previamente* la cantidad de que cada finca deba responder.

Los casos de esta corte que invoca el recurrente se refieren a situaciones distintas. En ninguno de ellos se ha ordenado la inscripción cuando se ha omitido cumplir con lo que de modo terminante exige el artículo 119 de la Ley Hipotecaria.

No quiere ello decir que la obligación sea nula porque no asigne la suma de que deba responder cada finca; lo que quiere decir es que si los contratantes quieren acogerse a los beneficios de la Ley Hipotecaria, a fin de que el gravamen quede debidamente constituído y pueda ejecutarse en su caso por el procedimiento que fija la misma ley, tienen que someterse por entero a sus preceptos. Y uno de esos preceptos es el de la distribución, no cumplido el cual el registrador no inscribirá según el mandato reglamentario, a no ser en los préstamos a que se refiere la enmienda de 1923 al artículo 119 de la Ley Hipotecaria.

*Se confirma la nota recurrida.*